# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**SHANIA RODRIGUEZ,**

      **Plaintiff,**

Case Number:

v.

**FIVE BELOW, INC.**

      **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, Shania Rodriguez, by and through her undersigned counsel, hereby brings this action for unpaid minimum wages against Defendant, Five Below, Inc. pursuant to Fair Labor Standards Act, as amended, 29 U.S.C. § 201-216 (the "FLSA"). In support of his Complaint, Plaintiff states as follows:

### Parties

2. Plaintiff is a female residing in Hillsborough County, Florida.

3. Defendant is a discount retail store operating and conducting business in Hillsborough County, Florida.

4. Defendant employed Plaintiff as a sales associate in its Hillsborough County, Florida location.

5. Plaintiff was hired by Defendant in approximately November 2021.

## Jurisdiction

6. Defendant is a discount retail store operating in Hillsborough County, Florida.

7. Defendant employed Plaintiff as sales associate in Hillsborough County, Florida.

8. At all times during her employment, Plaintiff was employed by Defendant as a non-exempt employee in Hillsborough County, Florida.

9. All events giving rise to this action occurred in Hillsborough County, Florida.

## Facts

10. Plaintiff was employed by Defendant as a sales associate.

11. Prior to being employed by Defendant, Plaintiff was required to complete an application and interview with Defendant.

12. After interviewing Plaintiff, Defendant hired Plaintiff as a non-exempt sales associate at a rate of $11 per hour.

13. Plaintiff began working for Defendant in or about November 2021.

14. Defendant recorded her working hours using Defendant's timekeeping system.

15. However, during Plaintiff's employment with Defendant, Plaintiff was not paid for all hours worked for Defendant.

16. At all times during Plaintiff's employment, Plaintiff was a non-exempt employee to be paid on an hourly basis and not subject to any minimum wage exemptions or exceptions.

17. At all times relevant to this action, Plaintiff worked for Defendant and performed services for Defendant in Hillsborough County, Florida.

18. During the entirety of her employment, Plaintiff worked at least 20 hours per week but was not paid for all hours worked for Defendant.

19. Plaintiff was not paid at least the minimum wage for all hours worked for Defendant during her employment.

20. Plaintiff desired to be paid at least minimum wages for all hours worked for Defendant.

21. Plaintiff was entitled to be paid at least minimum wages for all hours worked.

22. Defendant received a significant benefit from Plaintiff's work and provision of services to Defendant and on Defendant's behalf.

23. Defendant engaged in an illegal policy of suffering and permitting Plaintiff to work hours in each workweek of her employment and did not pay Plaintiff minimum wages for all hours worked by Plaintiff in a single workweek.

24. Specifically, Defendant took advantage of Plaintiff's youth and preyed upon Plaintiff's perceived weakness by extracting work from Plaintiff without pay

under the belief that Plaintiff's "inferior" status would prevent her from taking legal action.

25. Essentially, Defendant engaged in involuntary servitude.

26. Defendant did not record all of the time worked by Plaintiff during her employment, which is a direct violation of 29 C.F.R. § 516.

27. Defendant failed to pay Plaintiff at least minimum wages for all hours worked by Plaintiff during her employment with Defendant.

28. Defendant engaged in an illegal scheme of failing, refusing, or neglecting to pay Plaintiff wages for all hours worked while employed by Defendant in an effort to extract work from Plaintiff without compensating Plaintiff for the work provided.

29. Plaintiff often performed work for Defendant at a rate well below the appropriate minimum wage because Plaintiff worked after hours in full-view of Defendant's management.

30. As of this date, Plaintiff still has not been paid the entirety of her wages and has not been compensated for the full extent of his damages and wage loss under the FLSA.

31. Plaintiff seeks full compensation, including unpaid minimum wages, liquidated damages, attorney's fees, and costs because Defendant's conduct in

refusing to pay Plaintiff at least minimum wages was a calculated attempt to extract additional work out of Plaintiff for the benefit of Defendant.

32. Defendant is a for profit corporation that operates and conducts business in, among others, Hillsborough County Florida, and is therefore, within the jurisdiction of the Court.

33. Defendant, at all relevant times to this complaint, was Plaintiff's employer as defined by 29 U.S.C. § 203(d). Plaintiff performed duties and responsibilities that involved retail industry and required Plaintiff to regularly communicate with out-of-state vendors and suppliers. Defendant was also required to accept payments from customers using credit cards and debit cards and communicating with out-of-state banks. Finally, Plaintiff was regularly involved communicating with clients located outside the state of Florida.

34. This action is brought under the FLSA to recover from Defendant unpaid wages in the form of unpaid minimum wages, promised wages, liquidated damages, and reasonable attorneys' fees and costs.

35. The Court has jurisdiction over Plaintiff's claims as material events transpired in Hillsborough County, including those brought pursuant to 28 U.S.C. § 1337 and the FLSA.

36. At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s). Upon

information and belief, including Plaintiff's experience with Defendant as well as the sheer size of Defendant's organization suggest that the Defendant is a multi-million-dollar operation that has considerable expertise in the retail industry. Accordingly, Plaintiff alleges that enterprise coverage is present in this case because Defendant has an annual volume of at least $500,000.00 in revenue and has two or more employees that handle goods in commerce, including food, goods, materials and supplies, who also use telephones, fax machines and other instrumentalities of commerce.

37. At all material times relevant to this action, Plaintiff in her capacity as sales associate, and was individually covered by the FLSA. The very essence of Plaintiffs' employment, using the internet to communicate with foreign banks, clients, and suppliers, is so closely related to interstate commerce that Plaintiff's relationship to interstate commerce cannot be separated.

38. Indeed, Plaintiff was regularly required to communicate with out-of-state banks and suppliers, out-of-state vendors, received mail from out-of-state, and communicated with other entities via internet, electronic mail, and telephonic communications.

39. Plaintiff did not participate in the creation of budgets for Defendant or participate in corporate strategy or planning. Plaintiff did not implement legal compliance measures.

40. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for all hours worked during his employment.

41. Defendant is in exclusive possession of the majority of relevant records in this case, including payroll records and schedules and other documentation that might reasonably assist Plaintiff with providing even greater specificity regarding the precise number of overtime hours worked by Plaintiff during each week of her employment.

42. However, Plaintiff alleges that she routinely worked hours for which Defendant made no provisions to properly record.

43. Defendant failed, refused and/or neglected to keep accurate time records pursuant to 29 U.S.C. § 211(c) of Plaintiff's true hours of work.

44. Plaintiff has been financially damaged by Defendant's failure to properly compensate Plaintiff for all hours worked.

45. Prior to this action, Plaintiff made numerous attempts to recover the unpaid wages from Defendant including phone calls, text messages, emails, and communicating with Defendant in person. Despite Plaintiff's efforts, she was unsuccessful in recovering the unpaid wages and was compelled to bring this action.

## COUNT I – RECOVERY OF UNPAID MINIMUM WAGES

46.   Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-45, above.

47.   Plaintiff was employed by Defendant and was, at all times, protected by the FLSA.

48.   Plaintiff was entitled to receive at least minimum wages for all hours by Plaintiff for Defendant.

49.   Plaintiff worked at least 20 hours per week, on average, during her employment with Defendant.

50.   Defendant engaged in an illegal policy of not paying Plaintiff minimum wages for all hours worked by Plaintiff for Defendant.

51.   Plaintiff was damaged as a result of Defendant's failure to pay Plaintiff minimum wages for all hours worked by Plaintiff for Defendant.

52.   As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to payment of the unpaid minimum wages, liquidated damages, attorney's fees, and costs.

53.   Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demand judgment against Defendant, including, but not limited to, reimbursement of an amount equal to the unpaid wages, unpaid minimum

wages, and liquidated damages, together with costs and attorney's fees pursuant to the FLSA, and such other further relief as this Court deems just and proper.

DATED this 24th day of January, 2022.

**/S/ Kyle J. Lee**
Kyle J. Lee, Esq.
FLBN: 105321
LEE LAW, PLLC
1971 West Lumsden Road, Suite 303
Brandon, FL 33511
Telephone: (813) 343-2813
Kyle@KyleLeeLaw.com